1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANA R.,

                   Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

Case No. C22-1430-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinions and in failing to account for her need for flexible scheduling and additional breaks in the residual functional capacity ("RFC") assessment. (Dkt. # 11 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1982; has a high school diploma and one year of college education, as well as culinary training; and has worked as an administrative assistant, property manager,

1   customer service representative, and cruise reservation agent. AR at 45, 235, 250. Plaintiff was

2   last gainfully employed in July 2016. *Id.* at 234.

3           In June 2018, Plaintiff applied for benefits, alleging disability as of July 1, 2016. AR at

4   212-13. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

5   requested a hearing. *Id.* at 103-09, 111-19. After the ALJ conducted a hearing in May 2021 (*id.*

6   at 38-62), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 21-33.

7           As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

8   Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the

9   Commissioner to this Court. (Dkt. # 4.)

10                        **III.    LEGAL STANDARDS**

11          Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

12  security benefits when the ALJ's findings are based on legal error or not supported by substantial

13  evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

14  general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

15  ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

16  (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

17  alters the outcome of the case." *Id.*

18          "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

19  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

20  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

21  Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

22  testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

23  1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

1   neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

2   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

3   rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Erred in Assessing the Medical Opinion Evidence

6   Plaintiff challenges the ALJ's assessment of two medical opinions, each of which the

7   Court will address in turn.

##### 1.   Legal Standards

9   Under regulations applicable to this case, the ALJ is required to articulate the

10   persuasiveness of each medical opinion, specifically with respect to whether the opinions are

11   supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency

12   and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32

13   F.4th 785, 792 (9th Cir. 2022).

14   "[W]hen the Appeals Council considers new evidence in deciding whether to review a

15   decision of the ALJ, that evidence becomes part of the administrative record, which the district

16   court must consider when reviewing the Commissioner's final decision for substantial evidence."

17   *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

##### 2.   Michael Persenaire, M.D.

19   Dr. Persenaire, Plaintiff's treating neurologist, completed a form opinion in May 2020

20   describing Plaintiff's physical limitations due to multiple sclerosis. AR at 571-75. The ALJ

21   found this opinion persuasive to the extent Dr. Persenaire indicated that Plaintiff could perform

22   light work with postural and environmental restrictions. *Id.* at 30. The ALJ found unpersuasive

23   Dr. Persenaire's opinion that Plaintiff required additional breaks and flexible scheduling, finding

1    those limitations unsupported in Dr. Persenaire's treatment notes. *Id*. The ALJ also noted that

2    Plaintiff attempted to bolster her disability claim via Dr. Persenaire, by requesting cognitive

3    testing that Dr. Persenaire found unnecessary for treatment purposes. *Id*. (referencing *id*. at 524).

4         Plaintiff argues that the ALJ erred in considering whether the scheduling

5    accommodations referenced by Dr. Persenaire were supported by treatment notes, suggesting

6    that there is no such requirement. (Dkt. # 11 at 4.) But the regulations explicitly direct the ALJ to

7    consider whether a medical opinion is supported by objective evidence. *See* 20 C.F.R.

8    § 404.1520c(c)(1) (explaining that the "supportability" factor addresses the relevance of the

9    objective evidence presented in support of an opinion). Dr. Persenaire does not reference any

10   objective evidence to support his opinion regarding Plaintiff's need for scheduling

11   accommodations. AR at 574.

12        Because Plaintiff has not shown that the ALJ erred in finding that the scheduling

13   accommodations listed in Dr. Persenaire's opinion were unsupported by objective evidence,[1]

14   Plaintiff has not shown that ALJ erred in finding the opinion unpersuasive on supportability

15   grounds. *See Woods*, 32 F.4th at 793 n.4. Nonetheless, the ALJ may reconsider Dr. Persenaire's

16   2020 opinion in light of the updated record on remand, particularly in light of his subsequent

17   2021 opinion disavowing the 2020 opinion. *See* AR at 16.

18              *3.    Joe Stuckey, M.S., C.R.C.*

19        Dr. Persenaire referred Plaintiff to Mr. Stuckey for vocational rehabilitation counseling

20   starting in February 2019. *See* AR at 567. In May 2021, Mr. Stuckey wrote a letter opining that

21   Plaintiff's multiple sclerosis negatively impacted her ability to work and that her symptoms have

22   _____

23        [1] Plaintiff cites her own reports to providers as evidence that would support the
     scheduling accommodations described by Dr. Persenaire (dkt. # 11 at 5 (citing AR at 557)), and
     the ALJ will have another opportunity to consider that testimony on remand.

worsened with time and no treatment can cure or reduce her limitations. *Id*. at 569. Mr. Stuckey concluded that Plaintiff's limitations "prevent [her] from being able to work in any occupation." *Id*.

The ALJ found this letter unpersuasive because it was inconsistent with the record. AR at 30. Specifically, the ALJ found that Mr. Stuckey's opinion that Plaintiff's limitations cannot be reduced by treatment is inconsistent with evidence showing that her multiple sclerosis symptoms improved with treatment and that she has been able to remain independent in completing her activities of daily living and completed a pregnancy shortly before her alleged onset date. *Id*. The ALJ also noted that Mr. Stuckey quoted from counseling notes mentioning cognitive issues (*see id*. at 568-69), but Plaintiff has not undergone any cognitive testing and Dr. Persenaire found that such testing was unnecessary. *Id*. at 30. The ALJ also found Mr. Stuckey's opinion regarding Plaintiff's cognitive limitations to be inconsistent with the intact cognition Plaintiff displayed during mental status examinations as well as Plaintiff's ability to complete culinary training during the adjudicated period. *Id*.

Plaintiff argues that the ALJ erred in finding Mr. Stuckey's letter inconsistent with the record because when Appeals Council evidence is considered along with the remainder of the record, it is clear that Plaintiff's symptoms did not improve with treatment and have instead worsened over time. (Dkt. # 11 at 8-9 (citing AR at 16, 491-92).) The Court agrees that the record as a whole does not support the ALJ's finding that Plaintiff's multiple sclerosis symptoms improved, even if, as the ALJ emphasized, the disease itself was stable during the adjudicated period. For example, Plaintiff reported that she continued to have many chronic problems with *inter alia* fatigue, sleep, and pain in April 2021 (AR at 491-92), and had reported worsening symptoms in July 2020 (*id*. at 504), April 2020 (*id*. at 522), March 2020 (*id*. at 528, 530-31),

1   November 2019 (*id*. at 537), and February 2019 (*id*. at 556-57). She was observed to have

2   antalgic gait in March 2020 due to neuropathic pain (*id*. at 532) after having a normal gait in

3   November 2019 (*id*. at 536-37), and reported in March 2020 that she had purchased a cane out-

4   of-pocket because it was not covered by her insurance. *Id*. at 528. These symptoms may not

5   suggest a relapse or expansion of Plaintiff's multiple sclerosis disease, but nonetheless did not

6   improve during the adjudicated period. Particularly when the record is viewed in conjunction

7   with the Appeals Council evidence[2] (*id*. at 13-17), the ALJ's finding of symptom improvement

8   with treatment is not supported by substantial evidence.

9          The ALJ also overstated the impact of Dr. Persenaire's treatment note finding that

10  cognitive testing is not necessary. The ALJ construed this note to mean that Plaintiff was

11  inappropriately attempting to bolster her disability application by requesting unnecessary

12  treatment (AR at 30), but when the note is read as a whole it appears that Dr. Persenaire found

13  cognitive testing unnecessary for treatment purposes because he already understood Plaintiff's

14  symptoms and limitations without additional testing, and testing would not impact treatment. *See*

15  *id*. at 524. Although Dr. Persenaire believed that Plaintiff's cognitive deficits were not so severe

16  as to "qualify as a disability" (*id*.), the fact that her cognitive symptoms may not be disabling on

17  their own does not suggest that Plaintiff did not have cognitive deficits that would impact her

18  ability to work.[3] The ALJ unreasonably interpreted this note to be inconsistent with the existence

19  of cognitive limitations and/or that it "detracts from the overall seriousness of her claim[.]" *Id*. at

20

21  [2] Although Plaintiff's opening brief directs the Court's attention to the Appeals Council evidence (dkt.
    # 11 at 8, 13-14), the Commissioner's brief does not mention the Appeals Council evidence or address

22  why it does not undermine the ALJ's interpretation of the record.

23  [3] The Commissioner also pointed to cursory mental status examination findings that suggest intact
    cognition (dkt. # 18 at 6) as evidence that is inconsistent with Mr. Stuckey's letter, but even if this
    evidence provides some support to the ALJ's assessment, the Court finds it inadequate to render all of the
    ALJ's errors harmless, particularly as to Plaintiff's physical limitations.

30.

Furthermore, to the extent that the ALJ found Plaintiff's daily activities and culinary training to be inconsistent with the deficits described by Mr. Stuckey (AR at 30), the ALJ failed to acknowledge that Plaintiff reported that she required breaks in order to complete her daily activities and had absenteeism problems while in school. *See id*. at 522, 527. Moreover, the ALJ's finding that Plaintiff's ability to remain pregnant before her alleged onset date undermined Mr. Stuckey's letter and her testimony is also erroneous, as the Commissioner concedes. (Dkt. # 18 at 12 n.5.) Accordingly, the ALJ erred in finding that Plaintiff's activities were inconsistent with the limitations Mr. Stuckey described.

For all of these reasons, the ALJ erred in finding Mr. Stuckey's letter to be inconsistent with the record because the inconsistencies identified are either unsupported by substantial evidence or based on an unreasonable interpretation of the record. On remand, the ALJ should reconsider Mr. Stuckey's letter.

Because this case must be remanded to the ALJ, the Court declines to address Plaintiff's arguments regarding the RFC assessment, given that it will be reconsidered on remand and possibly reformulated.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Mr. Stuckey's letter, reconsider Dr. Persenaire's 2020 opinion in light of his subsequent 2021 opinion, and reconsider any other part of the decision as necessary in light of the updated record.

Dated this 7th day of July, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8